# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1908 | **DATE** | 9/17/2001 |
| **CASE TITLE** | OLIVER ALEXANDER vs. THOMAS J. SOMER, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss Count I is hereby denied. Further, the allegations in Count II against defendant Somer, in accordance with Plaintiff's stipulation, are dismissed. Defendant's motion to dismiss Count II with regards to Defendant Bloom Township is denied. [5-1]. Status hearing set for 9/26/01 at 9:30a.m.

(11) ■ [For further detail see

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 18 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 SEP 18 AM 8:29 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLIVER ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | 01 C 1908 |
| | ) | |
| vs. | ) | |
| | ) | Judge Ronald A. Guzmán |
| THOMAS J. SOMER, individually | ) | Magistrate Judge Keys |
| And in his official capacity, | ) | |
| And BLOOM TOWNSHIP, a municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants | ) | |

DOCKETED
SEP 1 8 2001

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Bloom Township's motion to dismiss. Plaintiff, Oliver Alexander, has brought this action pursuant to 42 U.S.C. § 1983, ("Section 1983") alleging in Count I that Defendants deprived him of his First Amendment right to freedom of speech. Additionally, Plaintiff brings a pendant state law claim for retaliatory discharge. Pursuant to Rule 10(b) of the Federal Rules of Civil Procedure, Defendants ask the Court to enter an order requiring Plaintiff to plead Counts I with greater clarity regarding the issue of attorneys' fees. FED. R. CIV. PRO. 10(b). Additionally, Defendants ask the Court to dismiss Count II because it fails to state a claim under Rule 12(b)(6). FED. R. CIV. P. 12(b)(6). For reasons set forth herein, the motion is denied.

## BACKGROUND

As of the Summer of 2000, Plaintiff had held administrative positions with Bloom Township for nineteen years. Plaintiff was also elected, in April of 1999, Alderman of the Third Ward of the City of Chicago Heights. Allegedly, his duties had no bearing on his responsibilities as an employee of Bloom Township.

1

On the evening of July 5, 2000, in his capacity as Alderman, Plaintiff voted to have the City pursue a lawsuit against Defendant Somer and others. In that lawsuit, Somer and others are alleged to have engaged in fraudulent conduct that wrongfully deprived Chicago Heights, Bloom Township, and various other governmental bodies of tax revenues. The next morning Somer allegedly issued an order that Alexander was to be terminated from his job.

## DISCUSSION

### 1. Count I: Claims under Section 1983

Defendants' first objection is to Count I, in which Plaintiff seeks relief under Section 1983. Defendants argue that Count I violates Federal Rule of Civil Procedure 10(b) in that Plaintiff does not explicitly plead how he intends to recover attorney's fees. Defendants ask this court to enter an order requiring him to clarify. According to Defendants, if Plaintiff seeks recovery from Bloom Township for fees incurred during litigation against Somer in his individual capacity, he is barred from doing so under *Kentucky v. Graham*, 472 U.S. 159 (1985). If, however, Plaintiff seeks such fees form Bloom Township for litigation against Somer in his official capacity, then such fees may be appropriate.

In *Graham*, a Section 1983 suit was brought against the Commissioner of the Kentucky State Police individually and in his capacity as Commissioner, seeking damages for alleged deprivation of federal constitutional rights. *Id. at 161-2*. The Commonwealth was sued not for damages on the merits but for attorney's fees should the plaintiffs eventually prevail. *Id.* The Commonwealth was dismissed from the suit on Eleventh Amendment grounds and the remaining parties settled. *Id. at* 163. When the plaintiffs attempted to recover their attorneys' fees under 42 U.S.C. 1988 ("Section 1988") the Commonwealth argued, *inter alia*, that the request had to be denied as a matter of law because it had been dismissed from the suit. *Id. at* 164. The

2

District Court nonetheless granted the fees and the Sixth Circuit affirmed. The Supreme Court reversed, however, holding that "...liability on the merits and responsibility for fees go hand in hand..." *Id.* at 165. "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.* at 166.

Plaintiff, however, is not required to explicitly lay out his strategy for recovery at this time. All that is required pursuant to Federal Rule of Civil Procedure 8(a) is "...a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff only is required to put his opponent on notice of the claim, "...the development of legal theories and the correlation of facts to theory come later in the process." *Int'l Mktg. Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 733 (7th Cir. 1999). In his complaint, Plaintiff seeks relief form Somer both individually and in his official capacity. He avers that Defendant Somer made employment decisions and policies for Defendant Bloom Township, including final decisions on the discharge of employees. (Compl. ¶12-13) In *Graham*, the Court defined an "official capacity" lawsuit as an action against an entity, of which the defendant is an agent. *Graham*, 472 U.S. at 165. So long as the government entity is given notice and an opportunity to respond, an official capacity suit is to be treated as against the entity. *Id.* at 166 (quoting *Brandon v. Holt*, 469 U.S. 464, 469 (1985)). We find that Defendants have been given sufficient notice by Plaintiff's pleadings.

### 2. Count II: Pendant Claims

Defendants' raise three arguments in support of dismissal of Count II. Initially, they object to Count II because it is really a cause of action for either intentional or negligent

3

infliction of emotional distress. Accordingly, because they are two different causes of action with two different bodies of case law, Plaintiff should be required to clarify his theory of recovery. Secondly, Defendants ask this court to dismiss the part of Count II alleged against Dfendant Somer pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, on the grounds that Illinois law prohibits a cause of action for retaliatory discharge against an individual who is not an employer. Finally, assuming that Count II is really a cause of action for either intentional or negligent infliction of emotional distress, Defendants ask this court to dismiss the part of Count II alleged against Bloom Township, also pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

Regarding Defendant Somer, it is argued that Count II should be dismissed because Illinois law prohibits a cause of action for retaliatory discharge against a Defendant who is not an employer. In *Buckner v. Atlantic Plant Maintenance, Inc*, 182 Ill.2d 12 (1998), the Illinois Supreme Court held that the only proper defendant in such an action is the Plaintiff's former employer. Plaintiff concedes this point, and thus this portion of Count II is hereby dismissed.

Defendants' second argument with respect to Count II stems from the allegations against Defendant Bloom Township. Defendants contend that the cause of action is really one for negligent or intentional infliction of emotional distress, and clarification is warranted. Should we determine that Plaintiff is attempting to state a cause of action for negligent infliction of emotional distress, Defendants ask that the complaint be dismissed because the exclusive remedy provision of the Illinois Worker's Compensation Act, 820 Ill. Comp. Stat. 305/1 *et seq.*, prohibits it. Alternatively, should the Court determine that the cause of action is for intentional infliction of emotional distress, Defendants argue that it should be dismissed because the

allegations in the compliant fail to reach the level of extreme and outrageous conduct needed to establish a claim for intentional infliction of emotional distress.

We find it unnecessary to make this determination. Contrary to Defendants' assertion, in Illinois a plaintiff is not barred from seeking damages for emotional distress in an action for retaliatory discharge. *Sloan v. Jasper County. Cmty. Unit Sch. Dist. No. 1.*, 167 Ill.App.3d 867 (5th Dist. 1988); *See also Peeler v. Village of Kingston Mines*, 862 F.2d 169 (7th Cir. 1988). In, *Sloan*, a plaintiff sued his former employer under the same cause of action, also seeking damages for emotional distress. The trial court there did virtually what defendants now ask of this Court—they struck allegations that the defendant's actions caused him to suffer not only loss of income and employment, but also "stress, pain, suffering, embarrassment, and humiliation." *Id. at* 869. The trial court held that these were really elements of a separate tort—intentional infliction of emotional distress. *Id.* The Appellate Court reversed, holding that such damages were within the scope of retaliatory discharge. *Id. at* 870.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Count I is hereby denied. Further, the allegations in Count II against defendant Somer, in accordance with Plaintiff's stipulation, are dismissed. Defendant's motion to dismiss Count II with regards to Defendant Bloom Township is denied (#5-1).

SO ORDERED 9/17/01   ENTERED

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge

5